

Justin V. Shur
MoloLamken LLP
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
T: 202.556.2005
F: 202.556.2001
jshur@mololamken.com
www.mololamken.com

February 27, 2019

The Honorable Paul A. Engelmayer
United States District Court
　for the Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

BY ECF and Express Courier

　　　Re:   19-cv-00113-PAE – *Flatt v. Doe* – Response to Letter Objecting to Third-Party Subpoena

Dear Judge Engelmayer,

　　　I write in response to Objector's letter objecting to Plaintiff's third-party subpoena served on Nest Labs, Inc., which sought information necessary to identify Defendant. Objector challenges Plaintiff's complaint on the merits, argues that the subpoena is "overly broad," and claims that it is "an unnecessary invasion of privacy and an abuse of process." Dkt. 9. These objections are without merit and are contrary to the Court's prior findings in its order granting Plaintiff leave to issue the subpoena. Dkt. 7. The Court therefore should (1) deny Objector's request for an extension of time and (2) order Nest Labs to immediately produce responsive data.

### I.   The Objections Are Meritless and Have Already Been Resolved by the Court

　　　On January 23, 2019, the Court granted Plaintiff's motion for leave to issue the third-party subpoena to which Objector takes issue. Dkt. 7. In doing so, the Court concluded that Plaintiff satisfied the governing five-factor test, which requires courts to consider (1) whether the plaintiff can make out a *prima facie* claim against the defendant; (2) the level of specificity of the discovery request; (3) the absence of alternative means of obtaining the information sought in the subpoena; (4) the need for the information sought in the subpoena to advance the plaintiff's claim; and (5) the defendant's expectation of privacy. *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86*, No. 1:16-cv-02462-ATN, 2016 WL 2894919, at *2 (S.D.N.Y. May 16, 2016). The court therefore has already considered and resolved the issues Objector raises.

　　　Specifically, with respect to the objection that Plaintiff's claims are without merit, the Defendant (or any intervenor) is free to defend Plaintiff's lawsuit with a motion to dismiss or

The Honorable Paul A. Engelmayer         - 2 -                    February 27, 2019

similar motion after service of process. At this stage, however, before the Defendant has even been served, Plaintiff need only make out a *prima facie* case. Plaintiff has done so, as the Court concluded previously. Dkt. 7 ("The Court has carefully reviewed plaintiff's motion and agrees that plaintiff has made out a *prima facie* case under the Federal Wiretap Act."). The objection should therefore be overruled. The arguments regarding the merits may be appropriately raised after the Defendant is identified and served. *See Strike 3 Holdings, LLC v. Doe*, No. 18-CV-2648 (VEC), 2019 WL 78987, at *2 (S.D.N.Y. Jan. 2, 2019) ("It is well-established that the merits of [a party's] case are not relevant to the issue of whether [the party's] subpoena is valid and enforceable." (quotation omitted)).

With respect to Objector's arguments that the subpoena is "overly broad" and "an unnecessary invasion of privacy and an abuse of process," the Court has already concluded that "the information plaintiff seeks is 'highly specific in nature,' and if plaintiff is unable to issue the requested subpoena . . . he 'will be unable to identify and serve [the] Defendant, effectively terminating the litigation.'" Dkt. 7 (second alteration in original) (quoting *Malibu Media*, 2016 WL 2894919, at *3).[1] Additionally, Objector has no reasonable expectation of privacy in his/her basic subscriber information associated with an account used to violate the Federal Wiretap Act. *See* Pl.'s Br. Supp. Mot. for Leave to Issue Subpoena, Dkt. 4 at 8-9. Accordingly, the objections fail.

Courts also routinely deny motions to quash third-party subpoenas issued to discover a defendant's identity based on subscriber information provided to a third-party internet service like Nest Labs. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-2648 (VEC), 2019 WL 78987 (S.D.N.Y. Jan. 2, 2019); *Malibu Media, LLC v. Doe*, No. 15-CV-3504, 2016 WL 4444799, at *11 (E.D.N.Y. Aug. 23, 2016); *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 24.90.139.137*, No. 15-CV-7788 (KMW), 2016 WL 1651869 (S.D.N.Y. Apr. 26, 2016); *Malibu Media, LLC v. Doe*, No. 15-1821 (AET), 2015 WL 7776895, at *1-3 (D.N.J. Dec. 2, 2015). Here, where the Court has already considered the propriety of Plaintiff's subpoena, Objector's last-minute objections should not be permitted to delay Plaintiff's case further.

## II.   Delay Would Prejudice Plaintiff

It is possible, perhaps even probable, that Objector used false subscriber information in creating a Nest account used to violate the Federal Wiretap Act—which exposed Objector to civil and criminal liability. If that is the case, Plaintiff may be forced to subpoena Internet Service Providers (e.g., Comcast, Verizon) to uncover Objector's identity based on the IP address logs provided by Nest. Internet Service Providers retain data for limited periods of time. Comcast, for example, can only identify a subscriber based on an IP address for a 180-day period. Comcast Cable, Law Enforcement Handbook (2015), *available at* https://www.xfinity.com/~/media/403eeed5ae6f46118ddbc5f8bc436030. Accordingly, time is of

---

[1] The Court has already had the opportunity to review the specific subpoena Plaintiff issued to Nest Labs, which was attached as an exhibit to its motion seeking leave to issue the subpoena. Dkt. 4-1.

The Honorable Paul A. Engelmayer  - 3 -  February 27, 2019

the essence.  The subpoena return date—February 15, 2019—has long passed.  On February 6, 2019, Nest Labs informed Plaintiff's counsel that it would provide notice to the relevant Nest user and wait 21 days for a formal objection before providing data.  Objector waited until the twenty-first day to file a one-page letter asking for more time to then file a full motion, which would cause even further delay.  The Court should not countenance this delay tactic.  Plaintiff has satisfied the rigorous requirements for issuing the third-party subpoena before a Rule 26(f) conference.  He should now be able to proceed with his claim.  Accordingly, in addition to overruling the objections, the Court should order Google to immediately provide data responsive to Plaintiff's subpoena.

Sincerely,

/s/ Justin V. Shur
Justin V. Shur

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of February, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties with an e-mail address of record who have appeared and consent to electronic service in this action.

Dated: February 27, 2019                    /s/ Justin V. Shur

Justin V. Shur (# 3897212)
MOLOLAMKEN LLP
600 New Hampshire Avenue, N.W.
Suite 660
Washington, D.C. 20037
(T) 202.556.2000
(F) 202.556.2001
jshur@mololamken.com

*Attorney for Plaintiff Gordon Flatt*