

Justin V. Shur
MoloLamken LLP
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
T: 202.556.2005
F: 202.556.2001
jshur@mololamken.com
www.mololamken.com

April 1, 2019

The Honorable Paul A. Engelmayer
United States District Court
   for the Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

BY ECF

     Re:   19-cv-00113-PAE – *Flatt v. Doe* – Letter-Motion for Approval of Verizon Data Request

Dear Judge Engelmayer,

     As you know, we represent the Plaintiff in the matter referenced above. We write to request a court order approving the attached subpoena request, Ex. 1 (subpoena rider with IP address redacted), under 47 U.S.C. § 551(c)(2)(B), which was served on Verizon, the internet service provider ("ISP") that provides service to the Defendant(s). The Court previously granted Plaintiff's motion for discovery before a Federal Rule of Civil Procedure 26(f) conference, including Plaintiff's request to subpoena an ISP based on IP logs provided by Google. Dkts. 3-4, 7; Dkt. 4 at 2 n.1. Additionally, the Court recently granted Plaintiff's motion for an extension of time to serve the complaint based in part on Plaintiff's need to "discover information regarding an IP address log . . . provided by Nest Labs, Inc. from an [ISP]." Dkt. 12 at 1; Dkt. 13. Accordingly, this letter-motion does not request new substantive relief. Rather, it is a request for a ministerial order that will permit Verizon—which has indicated to Plaintiff's counsel that it requires such an order—to comply with a third-party subpoena.

     Under § 551(c)(2)(B), an ISP like Verizon may disclose subscriber information if the disclosure is "made pursuant to a court order authorizing such disclosure" and the ISP notifies the subscriber. *See Malibu Media, LLC v. Does 1-4*, No. 12 Civ. 2955(PAE), 2012 WL 3104887, *2 (S.D.N.Y. July 31, 2012). Absent such an order, ISPs generally cannot disclose subscriber information. *Malibu Media*, 2012 WL 3104887, at *2. Where courts grant early discovery to identify a John Doe defendant, as the Court did in this case, Dkt. 7, and the early discovery involves a request for subscriber information from an ISP, courts will authorize the

The Honorable Paul A. Engelmayer         - 2 -                                  April 1, 2019

ISP's disclosure of subscriber information under § 551(c).  *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 14 CV 4808 (JS)(SIL), 2016 WL 4574677, at *7 (E.D.N.Y. Sept. 1, 2016).[1]

      Here, only Verizon can provide the identity of the subscriber utilizing the IP address provided by Nest.  With such data from the Verizon, Plaintiff will be able to conclusively identify the individual(s) who controlled or used the Nest account associated with the cameras that unlawfully recorded his private communications.  The Court has already authorized Plaintiff to proceed with early discovery and has granted Plaintiff additional time to serve the complaint so he can seek subscriber information from Verizon.  Plaintiff respectfully requests that the Court authorize Verizon to disclose the information requested in the attached subpoena rider, Ex. 1, pursuant to § 551(c)(2)(B).

      Sincerely,

/s/ Justin V. Shur
Justin V. Shur
Jordan A. Rice

---

[1] Some courts have limited the scope of subpoenas to ISPs to requests for only subscriber name and address.  *See Malibu Media, LLC v. Doe*, No. 15 Civ. 4381(JFK), 2015 WL 4923114, at *2 (S.D.N.Y. Aug. 18, 2015).  Plaintiff has no objections to such restrictions if the Court deems them appropriate, provided that Plaintiff could seek leave to obtain further information should it become necessary.  Some courts have also ordered that the subscriber behind the IP address be given the opportunity to file a motion to quash the subpoena.  *See id.* at *3.  Here, such an order is unnecessary given the Court's prior orders granting Plaintiff early discovery and overruling an objection to a third-party subpoena.  Dkt. 7; Dkt. 11.