# Exhibit 1

## SUBPOENA RIDER

### DEFINITIONS

1. All Uniform Definitions in Discovery Requests under Local Rule 26.3 in the Southern District of New York shall apply and control.

2. The terms "relating to", "referring to", "regarding", "reflecting" or "with respect to" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, evidencing, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

3. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

4. The use of capital letters, lower case letters, or quotation marks shall not be construed to limit the scope of any specific Request contained herein.

### INSTRUCTIONS

5. These Requests require production of all documents and information within your actual or constructive possession, custody, or control, even if physically or electronically stored by third parties.

6. If any portion of any document is responsive to any Request, then the entire document must be produced. If any requested document cannot be produced in full, produce the document to the extent possible, specifying each reason for your inability to produce the remainder, and stating whatever information, knowledge, or belief you have concerning the portion not produced.

7. Any document that is attached by staple, clip, or otherwise to a document requested herein shall also be produced (attached in the same manner as the original) regardless of whether the production of that document is otherwise requested herein.

8. For any responsive document or portion thereof that is either redacted or withheld, in whole or in part, on the basis of any assertion of privilege or other asserted exemption from discovery, identify (a) the title or identity of the document; (b) the date of the document; (c) the type or nature of the document; (d) the identity, title, or responsibilities, and relationship to you of all persons who prepared, sent, or received the document; (e) the type and nature of the privilege or exemption asserted; (f) the number of pages of the document; and (g) the contents or subject matter of the document, with sufficient detail to explain the basis for the privilege or exemption asserted (*see* Fed. R. Civ. P. 26(b)(5)).

9. In the event that any document requested herein was formerly in your possession, custody, or control and has been lost, destroyed, or otherwise disposed of, you are required to furnish a list identifying each such document that sets forth the following information with respect to each document:

   a. the title of the document and the nature and subject matter of its contents;

   b. the identity(ies) of the person(s) who prepared or authored the document, the custodian(s) of the document, and, if applicable, the person(s) to whom the document was sent or was intended to be sent and the recipient(s) or intended recipient(s) of the document;

   c. the date on which the document was prepared or transmitted; and

   d. the date on which the document was lost, destroyed, or otherwise disposed of, the manner and conditions of and reasons for such loss, destruction, or other disposition; and the persons requesting and performing the destruction or other disposition.

10. For each Request below, provide any responsive records, document(s), or electronically stored information.

## **REQUEST**

Any account subscriber information associated with the following IP address at the specified times, including full names, email account(s), phone number(s), text message information, dates of service, physical address(es), associated account information, payment/billing information, and service(s) subscribed to or purchased:

- **IP Address:** ▓▓▓▓▓▓▓▓▓
- **Specified Times:**
    - October 14, 2018 at 17:56:35 UTC
    - October 19, 2018 at 17:52:03 UTC